Peter J. MALLEN, Plaintiff,

v.

**MERRILL LYNCH FUTURES, INC., f/k/a Merrill Lynch Commodities, Inc., and Robert P. Spanos, Defendants.**

**Civ. A. No. C83–1786A.**

United States District Court, N.D. Georgia, Atlanta Division.

June 14, 1984.

Gerald B. Kline and Gilbert H. Deitch, Bauer, Deitch & Raines, P.C., Atlanta, Ga., for plaintiff.

Paul W. Stivers and Robert M. Axelrod, Rogers & Hardin, Atlanta, Ga., for defendants.

ORDER

VINING, District Judge.

This matter came on before the court upon the plaintiff's motion for protective order and motion to compel discovery and the defendant's motion for a protective order. After considering the briefs of the parties and the argument of counsel, the court gave certain directions at the hearing on June 8, and this written order will memorialize the directions given by the court on that date.

In this securities action, the plaintiff alleges that the defendants committed fraud and violated both state and federal securities laws because of the way they handled his account. The plaintiff lost substantial sums of money by trading stock index futures. The plaintiff further alleges that trading of these futures was a relatively new investment vehicle in February 1982

when he was approached about trading in these futures and that defendant Robert P. Spanos, an account executive at Merrill Lynch, represented to him that he had special expertise in this area.

The plaintiff has moved for a protective order prohibiting the defendants from inquiring into certain matters known by the plaintiff until such time as the plaintiff has completed the deposition of Mr. Spanos. The defendants' motion for a protective order asks that this court stay the deposition of Mr. Spanos until one week after the plaintiff produces the documents that he is now withholding pursuant to his motion for protective order. The court finds that there is no basis for the plaintiff to withhold the documentary evidence sought by the defendants and hereby DENIES the plaintiff's motion for protective order and GRANTS the defendants' motion for protective order.

In his motion to compel production of documents, the plaintiff seeks all documents which evidence any complaints regarding Mr. Spanos's brokerage or other employment activities at Merrill Lynch (Request No. 5), all documents evidencing any communications among Merrill Lynch, Spanos, and other Merrill Lynch researchers, agents, and account executives concerning recommendations for the trading of options on the Standard & Poor's 500 Index and the K.C. Value Line Index between January 1, 1982, and the present (Request No. 10), all documents evidencing the extent and frequency of trades effected by Spanos and the Standard & Poor's 500 Index and the K.C. Value Line Index between January 1, 1982, and the present date (Request No. 13), and all documents evidencing the defendants' research, evaluation, and recommendations concerning the trading of the Standard & Poor's 500 Index and the K.C. Value Line Index between January 1, 1982, and the present date (Request No. 14).

It is the court's understanding that the parties have been able to resolve their differences with respect to the issues raised in the motion to compel except for that por-

tion of the motion in which the plaintiff seeks the record for the trading activity of all of Mr. Spanos's customers, i.e. Request No. 13. Consequently, the only issue before the court is whether the defendants should be required to produce the records reflecting the trading activity of Mr. Spanos's other customers as they relate to the two futures indexes in which the plaintiff invested. After considering the briefs and arguments of counsel, the court concludes that the motion should be DENIED.

There is a confidential relationship between a stockbroker and his clients, and in weighing the consideration of the privacy to be expected by the customers and the need for this information by the plaintiff, the equities clearly lie with the customer. This is especially so because information on such trading activity would be of little value to the plaintiff since there is no way of knowing if the customers involved are knowledgeable about the transactions without talking to the individual customers. Furthermore, many of the customers have nondiscretionary accounts, and their trading activity would not necessarily be based upon recommendations made by the defendants; therefore, any information regarding the trading in these accounts would be irrelevant and would not be calculated to lead to the discovery of admissible evidence. For these reasons, the court DENIES the plaintiff's motion to compel discovery.

Since it appears that there is still extensive discovery which must be conducted, the court hereby EXTENDS the discovery period through October 31, 1984. Additionally, the court will not impose any time limitations upon the length of the depositions to be taken of Mr. Spanos and Mr. Mallen.

In summary, the plaintiff's motions for protective order and to compel discovery are DENIED. The defendants' motion for protective order is GRANTED. The discovery period is extended through October 31, 1984.